298 F.2d 860
 Robert F. KENNEDY, as Attorney General of the United States,
et al., Appellants,
v.
William H. BRUCE, as a Member of and Chairman of the Board
of Registrars of wilcox County, Alabama, et al., Appellees.
 No. 19303.
 United States Court of Appeals Fifth Circuit.
 Feb. 5, 1962, Rehearing Denied March 14, 1962.
 
 Vernol R. Jansen, Jr., U.S. Atty., Mobile, Ala., Gerald P. Choppin, Atty., Dept. of Justice, Washington, D.C., for appellants.
 Gordon Madison, Asst. Atty. Gen., State of Ala., Blanchard L. McLeod, Camden, Ala., or appellees.
 Before TUTTLE, Chief Judge, and RIVES and WISDOM, Circuit Judges.
 TUTTLE, Chief Judge.
 
 
 1
 This is an appeal from an order of the District Court for the Southern District of Alabama which (1) granted appellees' motion to dismiss an application by the Attorney General of the United States for an order permitting the inspection of the voting records of Wilcox County, Alabama, and (2) denied the Attorney General's motion to dismiss the complaint in an action begun by the County Registrar in the State Court and removed to the Federal Court. The District Court's order thus dealt with two separate and distinct legal proceedings. They both arose following action by the then Acting Assistant Attorney General of the United States taken on May 9, 1960, pursuant to Section 303 of the Civil Rights Act of 1960, 42 U.S.C.A. 1974b. On this date the federal official wrote to the Board of Registrars of Wilcox County requesting that he or his representative be permitted to inspect 'all records and papers in your custody, possession or control relating to any application, registration, payment of poll tax, or other act requisite to voting in any general, special, or primary election in which candidates for the office of President, Vice President, Presidential Elector, Member of the Senate or Member of the House of Representatives of the United States, are voted for.' The letter further stated, in compliance with the requirements of the statute,
 
 
 2
 'This demand is based upon information in the possession of the Attorney General tending to show that distinctions on the basis of race or color have been made with respect to registration and voting within your jurisdiction.
 
 
 3
 'The purpose of this demand is to examine the aforesaid records in order to ascertain whether or not violations of Federal law in regard to registration and voting have occurred.'
 
 THE STATE COURT PROCEEDING
 
 4
 On May 20, 1960, an action was commenced by the Board of Registrars of Wilcox County, Alabama, in the Circuit Court of Wilcox County against the Attorney General of the United States: the Acting Assistant Attorney General of the United States, Civil Rights Division; the United States Attorney for the Southern District of Alabama; and various FBI agents. The plaintiffs requested declaratory relief and an injunction to restrain the defendants from attempting to enforce the demand for voting records which was made on May 9, 1960. The State court granted a temporary injunction in accordance with the prayer. On June 3, 1960, the Attorney General, acting under 28 U.S.C.A. 1442, removed the case to the United States District Court for the Southern District of Alabama, and on June 7, 1960, moved to dismiss the removed action.
 
 
 5
 On June 13, 1961, this motion came on for hearing in District Court, and on September 28, 1961, the courts issued an order, unaccompanied by an opinion, denying the Attorney General's motion to dismiss.
 
 APPLICATION FOR VOTING RECORDS
 
 6
 On August 30, 1960, the Attorney General field in the United States District Court for the Southern District of Alabama, an application for an order, pursuant to section 305 of Title III of the Civil Rights Act of 1960 (42 U.S.C.A. 1974d, 74 Stat. 88) requiring the Board of Registrars of Wilcox County, Alabama to permit the Attorney General to inspect the voting records of that county. On September 8, 1960, appellees moved to dismiss the Attorney General's application for an enforcement order. Among other grounds for dismissal, the motion alleged,
 
 
 7
 '* * * it appears from affidavits now in possession of the Court that no basis exists in Wilcox County for the production of the records sought for no Negroes have applied for registration in said County.[1]
 
 
 8
 This motion was heard by the District Court on June 13, 1961, and on September 28, 1961, the court issued an order, unaccompanied by an opinion, granting the motion.
 
 
 9
 On December 4, 1961, appellants filed with this Court a motion for summary reversal asserting that the orders of the trial court were so clearly erroneous under the prior decisions of this Court in State of Alabama ex rel. Gallion v. Rogers, Attorney General, and In re Dinkens, 5 Cir., 285 F.2d 430, affirming 187 F.Supp. 848, as not to warrant further consideration by this Court. Instead we accelerated the setting of the case by placing it on the next available calendar for argument and submission.
 
 
 10
 Fist, as to the refusal of the trial court to dismiss the complaint against the Attorney General filed in the State Court, we are unable to find any conceivable justification supporting the trial court's action. Nine months prior to the entry by the trial court of this order denying dismissal, this Court in State of Alabama ex rel. Gallion v. Rogers, Attorney General, supra, expressly adopted the opinion of Judge Johnson, United States District Judge for the Middle District of Alabama, and affirmed his order and the reasons producing it as published in 187 F.Supp. 848. Thus, just as plainly as it could be said, we have decided that the State of Alabama had no power to entertain a suit seeking to review the discretion of or enjoin the acts of the Attorney General of the United States. If this were the only issue here on appeal the motion for summary reversal might appropriately be granted. In any event we hold expressly that such an action as that attempted in the State Court of Alabama as to 'matters exclusively within the jurisdiction of the federal courts cannot be tolerated without there being created frustration of national purposes.' 187 F.Supp. 848, 852. See also Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892, and Rogers, Attorney General v. Calumet Nat. Bank, Trustee et al., 358 U.S. 331, 79 S.Ct. 350, 3 L.Ed.2d 344.
 
 
 11
 Turning next to the order of the trial court dismissing the Attorney General's application for an order to require production of records of the Wilcox County Registrars, we conclude that what was decided in the earlier case of Dinkens et al. v. Attorney General of the United States et al., D.C., 187 F.Supp. 848, affirmed per curiam by this Court, 5 Cir., 285 F.2d 430, clearly controls the disposition of this case. Here the Registrars, by their motion to dismiss the application of the Attorney General of the United States for an order of inspection, filed affidavits by several County officials, including the Registrars, purporting to assert that no Negro resident of Wilcox County had ever made application for the right to register as a voter. From this, it is argued, there can be no proper basis for the granting of the Attorney General's application for an order of inspection of the voting records of the County. This is a complete non sequitur. It is in effect an attempt by the public officials, whose duty it is to maintain the voting records, to frustrate an investigation into the manner of the discharge of their duties by their merely saying that they know of no violations.
 
 
 12
 The procedure established under Title III of the Civil Rights Act, under which the Attorney General proceeded in the District Court, does not amount to the filing of a suit of any kind. This we decided in State of Alabama v. Rogers, supra. There the District Judge, in an opinion approved and adopted by us, quoted from the Supreme Court opinion in Hannah v. Larche, 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307, in which the Court said:
 
 
 13
 'On the other hand, the investigative process could be completely disrupted if investigative hearings were transformed into trial-like proceedings, and if persons who might be indirectly affected by an investigation were given an absolute right to cross-examine every witness called to testify. Fact-finding agencies without any power to adjudicate would be diverted from their legitimate duties and would be plagued by the injection of collateral issues that would make the investigation interminable.'
 
 
 14
 We are told that the statistics touching on Wilcox County, Alabama, show that there are 2634 white citizens of voting age; 112.4% of these, or 2950 white citizens, are registered to vote.[2] Of the 6085 Negro citizens of voting age not a single one is registered to vote. Bearing in mind that the statute permits the application by the Attorney General to be made without identifying the Attorney the information upon which the Attorney General is acting, we simply make the observation that in this day and age an effort to inspect the records of a county having such a disparity in the percentage of voters to eligible citizens as between the races should not be frustrated by the simple expedient of the Registrar's statement that there is nothing wrong.
 
 
 15
 We reaffirm what we previously stated by adopting the opinion of Judge Johnson in the Dinkens case, supra, that the request of the Attorney General was sufficient to require the respondents, members of the Board of Registrars, to make the records available as requested, and upon their failure to do so to entitle the Attorney General to a prompt order of the court requiring such compliance.
 
 
 16
 The order denying the appellants' motion to dismiss the State Court suit against them is Reversed and the judgment is here Rendered dismissing the action brought by William H. BruceEt al, in civil action 2390. The order granting the motion of Bruce, et al, to dismiss the application of the Attorney General under Title III of the Civil Rights Act is Reversed and the case is Remanded with directions to the trial court to enter an order granting the relief sought in such application.
 
 
 17
 Because of long delay that has already occurred since the filing of the application that should have been granted as a matter of course, the order of this Court will be transmitted forthwith to the District Court.
 
 
 
 [1]
 The affidavits referred to were submitted as part of the complaint in the state court action brought by the Board of Registrars. The affidavits, submitted by each of the members of the Board of Registrars, aver that no Negro has applied for registration during the incumbency of the affiant, that no person has been denied registration on account of race, and that no complaints have been received about the conduct of registration
 
 
 [2]
 Obviously such a figure indicates that there have been failures to purge voters who have moved away or have died, a matter which does not bear any particular importance to the present inquiry