BARNWELL DRILLING CO., Inc., Barnwell, Inc., and R. S. Barnwell Sr., and R. S. Barnwell, Jr., d/b/a Barnwell Production Company, Appellants,

v.

SUN OIL COMPANY, Appellee.

No. 19151.

United States Court of Appeals Fifth Circuit.

March 20, 1962.

Forrest B. Jackson, Jackson, Miss., R. M. Nichols, Milton H. Anders, Shreveport, La., for appellants.

Edwin M. Cage, Dallas, Tex., Cecil F. Heidelberg, Jr., Kenneth I. Franks, Jackson, Miss., for appellee.

Before TUTTLE, Chief Judge, and RIVES and WISDOM, Circuit Judges.

TUTTLE, Chief Judge.

This is an appeal from the district court's order denying the appellants a temporary injunction pending a final hearing on the merits. The controversy arose because of the undisputed intention of the defendant, Sun Oil Company, to take advantage of an order entered by the Mississippi State Oil and Gas Board under Chapter 256, Laws of Mississippi 1948, as amended, which permitted Sun Oil Company to proceed with a secondary recovery method for the recovery of oil from a pool existing in the McComb oil field area. This secondary recovery method admittedly involved the injection of water through injection wells located in the vicinity of wells in which the plaintiff, Barnwell, Inc. owns an undivided interest. It was contended by Barnwell that the injection of the water so as to increase the pressure forcing oil to the surface would produce irreparable damage and injury to appellants "by driving continuously and over a period to exhaustion of the oil, gas, minerals and hydrocarbons owned by the plaintiffs under the McComb oil field properties, and that this method would drive the oil out from under the plaintiffs' land and under other lands owned by the Sun Oil Company."

Appellants proceeded on the theory that the state of Mississippi recognizes the theory of absolute ownership or ownership in place of oil, gas, minerals and hydrocarbons before they are produced. They contend, therefore, that any disturbance of the minerals underlying the lands by pushing them or forcing them away from their present location amounts to a continuing trespass.

The appellee does not, at this point, contest appellants' theory as to the nature of its right in the minerals underlying its land. It simply takes the position that the trial court's finding that "there is not such probability of imminent danger of irreparable loss or damage as to warrant the granting of the temporary relief prayed for," is not clearly erroneous. It argues therefore that under recognized principles the appellate court should not reverse the trial court's denial of a temporary injunction pending the trial of the case on its merits.

This Court has repeatedly held that when an appeal is taken from the denial by the trial court of a temporary injunction, as is permitted, 28 U.S.C.A. § 1292(a) (1), the appellate court does not consider the entire case on its merits. This is necessarily true because the trial

court itself need not consider the case on the merits in order to decide whether the plaintiff is entitled, on the showing made, to have the court enter a temporary injunction to maintain the status quo until the merits can adequately be inquired into. This, of course, can be done only on the trial in chief.

See Detroit Football Co. v. Robinson, 5 Cir., 283 F.2d 657. In that case this Court has said:

"We shall suppress any inclination that we might have to discuss this case on its merits. The merits of a case are usually not to be decided on an application for a preliminary injunction. Miami Beach Federal Savings & Loan Association v. Callander, 5 Cir., 1958, 256 F.2d 410. The granting or denial of a preliminary injunction is a matter for the exercise of the discretion of the trial court. Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Home Decorators, Inc. v. Herfort, 5 Cir., 1950, 179 F.2d 398; Central Hanover Bank & Trust Co. v. Callaway, 5 Cir., 1943, 135 F.2d 592; Spring v. Ohio Oil Co., 5 Cir., 1940, 108 F.2d 560. On appeal from the granting or refusal of an interlocutory injunction the inquiry is limited to the question whether the court abused its discretion. United States v. Corrick, 298 U.S. 435, 56 S.Ct. 829, 80 L.Ed. 1263. The discretion of the trial court is broad and a strong showing of abuse must be made to reverse it. United States v. W. T. Grant Co., 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303. No such showing is here made. The judgment of the district court is affirmed."

We do not know at this stage of the proceedings to what literal degree the Mississippi doctrine of complete ownership of the minerals underlying the surface of the ground may have been affected by the recognition that oil and gas, and other hydrocarbons now being mined in substantial quantities in the state of Mississippi, are "fugacious" products. Millette v. Phillips Petroleum Co., 209 Miss. 687, 48 So.2d 344. We do know that this Court has recently commented on the difficulty of accommodating ordinary concepts of land ownerships and titles to oil and gas transactions that are said to constitute some form of real property interest. In J. B. Elkins v. Laura Stell Townsend, 5 Cir., 296 F.2d 172, speaking in terms of Louisiana Law, this Court said:

"The juristic accomplishment of fitting oil and gas transactions into the codal law of praedial servitudes is a tour de force, illustrative of the theory of the code as a compilation of principles, not a digest of specific laws. As with many other tours de force, although the result as a whole is in keeping with civilian concepts, some specific results are far from perfect."

Nevertheless, without undertaking at this time to determine precisely what legal rights the parties have if it is finally shown that certain molecules of petroleum products are actually disturbed while under the land of the plaintiffs, we do not find that the evidence adduced on the temporary injunction hearing is sufficiently clear and convincing that the oil will actually be interfered with under appellants' lands as to warrant our holding, as a matter of law, that the temporary injunction should have been granted. This was an issue of fact as to which we can not find that the trial court was clearly in error. Detroit Football Company v. Robinson, supra. The judgment is

Affirmed.