**In re Preston P. COLEMAN, Circuit Clerk and Registrar of Lauderdale County, Mississippi.**

**In re L. F. CAMPBELL, Circuit Clerk and Registrar of Madison County, Mississippi.**

**In re H. T. ASHFORD, Jr., Circuit Clerk and Registrar of Hinds County, Mississippi.**

**Civ. A. Nos. 1117, 3288, 3308.**

United States District Court
S. D. Mississippi.

Sept. 8, 1962.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., Harrison J. Goldin, Dept. of Justice, Civil Rights Div., Washington, D. C., for Robert F. Kennedy, U. S. Atty. Gen., appellant.

J. A. Covington, Lester Williamson, Dunn & Singley, Meridian, Miss., for Preston P. Coleman.

G. B. Herring, J. R. Fancher, Jr., Canton, Miss., for L. F. Campbell.

W. E. Gore, Jr., Robert G. Nichols, Jr., for H. T. Ashford, Jr.

Joe T. Patterson, Atty. Gen. of Mississippi, Jackson, Miss., for all respondents.

COX, Chief Judge.

These three separate applications were filed in this Court against these registrars under Title 3 of the 1960 Civil Rights Act of the United States for the inspection of their registration and voting records in their respective counties in Mississippi. The substantial identity of questions involved entailed a consolidation of these cases for trial.

The Attorney General of the United States handed these county registrars a demand in writing for them to make available to him within fifteen days official records in their possession for inspection and copying in accordance with 42 U.S.C.A., § 1974b. The letter demand in part stated: "This demand is based upon information in the possession of the Attorney General tending to show that discriminations on the basis of race and color have been made with respect to registration and voting within your jurisdiction. The purpose of this

demand is to examine the aforesaid records in order to ascertain whether or not violations of Federal law in regard to registration and voting have occurred." The demand in each instance was refused, thereby precipitating these actions under 42 U.S.C.A., § 1974b.

The Attorney General thereupon filed his ex parte application for an order of the Court to require the production of such records for inspection and copying. The application stated that the demand was made for such records in accordance with § 1974b and a copy of such demand was annexed thereto in each instance as Exhibit "A". The application cited the refusal of the registrar through his attorney to permit such inspection. It was averred that the registrar in his official capacity has the custody, possession and control of the records and papers requested, and that more than fifteen days had elapsed after the presentation of such demand and that the registrar had refused to make said records and papers available to him.

The registrars answered the application as a plenary suit. The official capacity of the applicant was not denied. It was not denied that he had such official records in his possession and under his control. It was not denied that the Attorney General wanted to examine such records in the Federal field to see if any Federal laws were violated. The last sentence in § 1974b, supra, referring to the demand which was served on the registrar, provides: "This demand shall contain a statement of the basis and purpose therefor." The respondents say that the demand did not contain a statement of the basis but stated only the purpose therefor. Both sides declined to offer any evidence or testimony. The applicant requested the order without any proof and the respondent contended that without proof that he was entitled to a judgment because he had expressly denied that there was in fact any basis for such inspection within the statutory scheme.

The United States Court of Appeals for the Fifth Circuit has settled all questions in this case in Kennedy, Attorney General of the United States v. Lynd, Registrar of Elections of Forrest County, 5 Cir., 306 F.2d 222; U. S. v. Lynd, 5 Cir., 301 F.2d 818; Dinkins v. Attorney General of U. S., 5 Cir., 285 F. 2d 430; Kennedy v. Bruce, 5 Cir., 298 F.2d 860. The respondents contend that each case cited is replete with dicta, in that the particular point in this case was not actually before the Court in either of those cases. That contention seems well founded, but whether said opinions are controlling or not does not solve the problem. In the absence of some more impelling and persuasive authority, to the contrary, those cases from this circuit are persuasive.

Significantly, the respondents do not claim that any record sought will incriminate them in any way, or subject them to any penalty, or that its contents when revealed will even embarrass them. On the contrary, the respondents say that such records were properly kept and that they never discriminated against anybody, and presumably the records will so show. It is not claimed that these official records are privileged, or exempt from discovery for any sound reason of public policy. It is not contended that an inspection of these records would be oppressive, or any unlawful invasion of any personal constitutional right of any respondent; or that it would work any hardship on either of them, but such inspection was refused because the Attorney General did not divulge the source of his information as to alleged discriminations and did not reveal whether or not his source was reliable and real, and not false.

■ The subject matter of this controversy is official records and not private property of any one. The Congress has said that such records *shall* be made available to the Attorney General upon his demand therefor. He is the chief law enforcement officer of the nation. He desires to ascertain himself whether or not any violation of Federal law has occurred as reflected by these records in connection with the registration and vot-

ing of negroes. He is officially concerned with the discharge of his duty and responsibility as a national officer in seeing whether or not such laws have been violated in the Federal field. He is presumed to be acting in good faith and in the proper pursuit of his official duties unless otherwise shown.

 The right of inspection of official records exists at common-law subject to limitations not present here. There is no United States common-law but the respondents are subject to the rules of the common-law in Mississippi, except as restricted by statute. The right of free examination of official records is the rule, and the inhibition of such privileges, when the purpose is speculative, or from idle curiosity, is the exception. Under the Federal rules, it is no longer a defense, that an interrogatory or an examination may be a fishing expedition. The form or style of the action is unimportant. The procedure devised by this scant enactment is summary in nature. It is not administrative but presents a justiciable controversy which affords a respondent adequate safeguard for his protection and proper defense. It is unimportant as to the identity of the applicant's informants, or whether or not he had any informants. There need be nothing wrong with the registrar's books to entitle a party in interest in good faith to make an inspection and take a copy thereof. The answer simply states no defense to the application, and the posture of the suit is the same as would be a case on a promissory note with a general issue plea interposed thereto. Such a plaintiff would be entitled to a judgment as a matter of law in spite of a general denial of every affirmative averment in a complaint based on such note.

This application is merely a pure bill for discovery and seeking no other relief. No constitutional rights of the respondents are invaded or violated, and it is unnecessary to pass on the constitutionality of the act whether its constitutionality has been approved or not.

The applicant is entitled to an order for the inspection of such official records of these registrars, without any undue interference with their daily work and use of such records, from day to day, continuously, until completed during business hours and as quickly as reasonably possible. All pending motions will be overruled. Separate orders may be presented for entry in these cases on the same form used in the Lynd case. An order of consolidation of these cases may be likewise presented.