**Preston P. COLEMAN, Circuit Clerk and Registrar of Lauderdale County, Mississippi, et al., Appellants,**

v.

**Robert F. KENNEDY, Attorney General of the United States, Appellee.**

No. 20102.

United States Court of Appeals Fifth Circuit.

Feb. 13, 1963.

Rehearing Denied March 15, 1963.

J. A. Covington, Jr., Miller & Adams, M. B. Miller, Dunn & Singley, J. Thomas Dunn, Richard G. Lord, Jr., James F. Shumate, Jr., Lester Williamson, Meridian, Miss., for appellant Coleman.

G. B. Herring, J. R. Fancher, Jr., Canton, Miss., for appellant Campbell.

W. E. Gore, Jr., Robert G. Nichols, Jr., Jackson, Miss., for appellant Ashford.

Joe T. Patterson, Atty. Gen. of Mississippi, Will S. Wells, Guy N. Rogers, Dugas Shands, William A. Allain, Asst. Attys. Gen. of Mississippi, Peter M. Stockett, Darryl A. Hurt, Sp. Asst. Attys. Gen. of Mississippi, Jackson, Miss., for all appellants.

John Doar, Harold H. Greene, Howard A. Glickstein, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before RIVES and WISDOM, Circuit Judges, and BOOTLE, District Judge.

PER CURIAM.

In an able opinion compelling production pursuant to the application of the

Attorney General for inspection of the registration and voting records in the custody of the Registrars of Lauderdale, Madison, and Hinds Counties, Mississippi, the district court correctly observed:

"The United States Court of Appeals for the Fifth Circuit has settled all questions in this case in Kennedy, Attorney General of the United States v. Lynd, Registrar of Elections of Forrest County, 5 Cir., 306 F.2d 222; United States v. Lynd, 5 Cir., 301 F.2d 818; Dinkins v. Attorney General of United States, 5 Cir., 285 F.2d 430; Kennedy v. Bruce, 5 Cir., 298 F.2d 860."

In re Coleman, S.D.Miss., 1962, 208 F. Supp. 199, 200.

Our construction in Kennedy v. Lynd, supra, 306 F.2d at 226, of the requirement of 42 U.S.C.A. § 1974b that the demand for voting records "contain[s] a statement of the basis and the purpose therefor" is supported by legislative history. Without collecting or citing more of that history, we quote from Senator Keating, one of the principal spokesmen for the bill in the Senate (106 Cong.Rec. 7767):

"The language added by the House Judiciary Committee in section 303 that the Attorney General's demand 'contain a statement of the basis and the purpose therefor' means only that the Attorney General identify in a general way the reasons for his demand. Clearly a sufficient statement would be the assertion that the demand was made for the purpose of investigating possible violations of a Federal statute. No showing even of a prima facie case of a violation of Federal law need be made. Mr. President, I believe that a majority of the Senate shares my understanding of the meaning of these provisions, but I thought it was important to make the record on this point abundantly clear."

The present appeals are totally without merit, and the judgments are

Affirmed.