UNITED STATES of America, Appellant,

v.

Theron C. LYND, Circuit Court Clerk and Registrar, Forrest County, Mississippi, and State of Mississippi, Appellees.

No. 19576.

United States Court of Appeals Fifth Circuit.

July 15, 1963.

John Doar, Harold Greene, Attys., Dept. of Justice, Washington, D. C., Burke Marshall, Asst. Atty. Gen., Robert E. Hauberg, U. S. Atty., Isabel L. Blair, D. Robert Owen and Gerald M. Stern, Attys., Dept. of Justice, Washington, D. C., for appellant.

Joe T. Patterson, Atty. Gen. of Mississippi, Dugas Shands, Asst. Atty. Gen. of Mississippi, Peter M. Stockett, Jr., Sp. Asst. Atty. Gen. of Mississippi, Jackson, Miss., M. M. Roberts, Francis T. Zachary, Hattiesburg, Miss., Will S. Wells and Guy N. Rogers, Asst. Attys. Gen. of Mississippi, Peter M. Stockett, Jr., and Darryl A. Hurt, Sp. Asst. Attys. Gen. of Mississippi, Edward L. Cates, Jackson, Miss., for appellee.

Before BROWN, WISDOM and BELL, Circuit Judges.

PER CURIAM.

When this case was first appealed, the Government sought and this Court granted a preliminary injunction pending appeal. United States v. Lynd, 5 Cir., 1962, 301 F.2d 818.

Since that time the full record has been filed together with extensive briefs of all parties. For all practical purposes, the issues on the merits of the appeal are the same as those with which we had to deal earlier. These are set out with sufficient fullness in our prior opinion. Reconsideration of them in the light of the full briefs and record leads us to reaffirm our former conclusions. We therefore hold that there was an appealable order. Likewise, on the merits, we hold that, under appropriate standards of appellate review, the facts were such that it was error for the District Court in effect to deny the application for preliminary injunction.

Since a further trial is required it is necessary that we rule on those procedural points which may have a bearing on the proceedings on remand. As to the problem of pleading, we adhere to our former ruling that "it is clear that there was no justification for the Court's requiring the government to amend its complaint in this civil rights action to allege specific details of voter discrimination as if this were an action for fraud or mistake under Rule 9, Federal Rules of Civil Procedure." 301 F.2d 818, 822. Conley v. Gibson, 1957, 355

U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80. The District Court also imposed unjustified restrictions on the scope of the evidence. The evidence to establish a pattern and practice is not confined to the incumbency of Registrar Lynd. Neither is it limited as to the State by the effective date of the 1960 amendments to the Civil Rights Act. 42 U.S.C.A. § 1971. A broad latitude is to be allowed. United States v. Dogan, 5 Cir., 1963, 314 F.2d 767; Kennedy v. Lynd, 5 Cir., 1962, 306 F.2d 222, cert. denied, 371 U.S. 952, 83 S.Ct. 507, 9 L.Ed. 2d 500; Alabama v. United States, 5 Cir., 1962, 304 F.2d 583, aff'd, 371 U.S. 37, 83 S.Ct. 145, 9 L.Ed.2d 112. So far as the Government's complaint on production of voter records is concerned we doubt that it will any longer be a problem in light of Kennedy v. Lynd, 5 Cir., 1962, 306 F.2d 222, cert. denied, 371 U.S. 952, 83 S.Ct. 507, 9 L.Ed.2d 500, and the District Court's own subsequent decision in In re Coleman, S.D.Miss., 1962, 208 F.Supp. 199, which we affirmed, Coleman v. Kennedy, 5 Cir., 1963, 313 F.2d 867.

■■■ Consequently, the case must be reversed and remanded for further and not inconsistent proceedings, including the full trial on the merits. As our procedural rulings bear closely on the showing of a right to injunctive relief, all parties, the Government and Defendants alike, are entitled to offer further evidence in the proceedings on remand. The mandate to be issued hereon will provide that the preliminary injunction previously entered by us is continued in full force and effect until such time as the District Court finally disposes of the case. However, as issuance of an injunction by this Court is most unusual, it is more than ordinarily important that the further proceedings in the District Court move with dispatch.[1] The objective is to terminate the preliminary injunction of this Court at the earliest possible time so that all further or other orders will be those of the District Court. This is in keeping with the general proposition that an appeal from the denial or granting of a preliminary injunction should not ordinarily delay the final trial of the case on its merits. Cf. Wooten v. Ohler, 5 Cir., 1962, 303 F.2d 759, 760; Barnwell Drilling Co. v. Sun Oil Co., 5 Cir., 1962, 300 F.2d 298.

Reversed and remanded.

GRIFFIN B. BELL, Circuit Judge (concurring specially).

I concur, with the following additional statement. This court had the power under the All Writs Statute, 28 U.S.C.A. § 1651, to take the action it took on the former appeal. United States v. Lynd, 5 Cir., 1962, 301 F.2d 818. However, in my judgment it was more properly a matter for mandamus. The issue did not go to a denial of temporary relief as such, but to a delay in granting or denying the relief and this court should have spoken to the District Court through a Writ of Mandamus.

This would have afforded the District Court a chance to be heard. It might have avoided the necessity of this court taking the case over prior to a decision in the District Court. It would have avoided the multitudinous handling, by way of contempt hearings and otherwise, since the grant of the original relief by this Court, with no further action having been taken in the interim on the main case in the District Court. This case serves as a classic example of the pitfalls to be encountered, with the attendant disruption and delays in the orderly administration of justice when courts depart from the time-tested processes of law.

---

1. The pendency of the proceedings for civil and criminal contempt against Appellee Lynd as respondent affords no basis for delay in the proceedings on remand since the record of the evidence in the contempt cases is fully closed and those matters have been taken under submission.