**NALCO CHEMICAL COMPANY,**
Appellant,

v.

**Merwin G. HALL, Appellee.**
No. 22257.

United States Court of Appeals
Fifth Circuit.
June 22, 1965.

John C. Snodgrass, Houston, Tex., Ralph L. Kaskell, Jr., New Orleans, La., Vinson, Elkins, Weems & Searls, Houston, Tex., Deutsch, Kerrigan & Stiles, New Orleans, La., for appellant, Nalco Chemical Co.

Cicero C. Sessions, Sessions, Fishman, Rosenson & Snellings, New Orleans, La., for appellee, Merwin G. Hall.

Before HUTCHESON, BROWN and GEWIN, Circuit Judges.

HUTCHESON, Circuit Judge:

This is an appeal from the district court's order denying the appellant a temporary injunction pending a final hearing on the merits of this Louisiana diversity action. The controversy arose out of an employment contract which contained a non-competition clause.

Appellant is in the business of servicing oil and gas wells with various chemicals, such as emulsion breakers, corrosion inhibitors, etc. Appellee was one of its sales representatives in Louisiana. His duties included using small portable laboratories in the field to test samples from wells to recommend the chemicals to be used. He signed an employment contract with appellant which provided, among other things, that appellee would not engage in or be interested in the same or any similar line of business in competition with appellant within a specified district of Louisiana for a period of three years immediately following his termination of employment with appellant. In November, 1964, rather than accept a transfer to another territory, appellee resigned his position with appellant and immediately thereafter went to work for one of its major competitors.

Appellant seeks to enjoin appellee from continuing his employment by its competitor and to prevent him from using appellant's customer lists, location lists, and technical reports and analyses, on the grounds that these activities are forbidden by the terms of his employment contract. The trial court found that at the time of the hearing on the temporary injunction appellee had returned all such lists and technical data to appellant and that he presently had no access to any such material, except to the extent he may remember it from his work for appellant.

Prior to 1962 Louisiana prohibited non-competition agreements in employment contracts by statute, and declared such agreements "null and unenforceable in any court". LSA–R.S. 23:921. This statute was amended by Act 104 of 1962 so that the prohibition against such agreements should not apply,

"where the employer incurs an expense in the training of the employee or incurs an expense in the advertisement of the business that the employer is engaged in * * *"

In such cases a non-competition provision could be used, when restricted to the territory of the employment, for a period of two years.

The district judge, applying Louisiana law, had no case to guide him in interpreting the exceptions contained in the statute. He denied the temporary in-

junction on the grounds that the training given appellee and the advertising done by appellant were not the kind contemplated by the statutory exceptions. He concluded that the exceptions must be read so as to apply to the situation where the training is of a substantial nature or the advertising pertained in some way to the employee's connection with the employer's business. He held they did not apply where only usual or customary training was given to acquaint the employee with his duties or only general advertising of the employer's business or products was used. He concluded that the employment contract in question could not be enforced because neither appellee's training nor appellant's advertising expense was of the kind contemplated by the statutory exceptions.

Subsequent to the district court's denial of the temporary injunction, two decisions of the Louisiana Court of Appeals have construed the statute in question. The first agreed with the position taken by appellant here that all the statute requires is that the employer incur some expense in training the employee or that he incur some expense in advertising his business, whether or not it pertains to the employee's connection with the business. Aetna Finance Co. v. Adams, 170 So.2d 740 (C.A. of La. 1st Cir. 1964, cert. denied by La.Sup.Ct., 247 La. 489, 172 So.2d 294). The second agreed with the district court's construction in this case, National Motor Club of Louisiana, Inc. v. Conque, 173 So.2d 238 (C.A. of La. 3rd Cir. 1965, cert. denied by La.Sup.Ct., 175 So.2d 110). The Supreme Court of Louisiana having denied the application for certiorari in each case on the grounds that the judgment was correct, the two decisions provide little guidance to the Erie-bound [Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188] court in determining Louisiana law on this point.

■ The case reaches this Court as an appeal from the denial of a temporary injunction. As we have so often held, the granting or refusing of a temporary injunction is in the sound discretion of the trial judge. E. g., J. M. Fields of Anderson, Inc. v. Kroger Co., 310 F.2d 562 (5th Cir. 1962); National Screen Service Corp. v. Poster Exchange, Inc., 305 F.2d 647 (5th Cir. 1962); F. L. Shuttlesworth v. Connor, 291 F.2d 217 (5th Cir. 1961); Home Decorators, Inc. v. Herfort, 179 F.2d 398 (5th Cir. 1950). In exercising that discretion he "balances the conveniences of the parties and possible injuries to them according as they may be affected by the granting or withholding of the injunction." Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1944); Wooten v. Ohler, 303 F.2d 759, 762 (5th Cir. 1962). Consequently, at this stage of the proceedings we do not review the case on the merits, but only inquire as to whether there has been an abuse of discretion. Tatum v. Blackstock, 319 F.2d 397 (5th Cir. 1963); Barnwell Drilling Co. v. Sun Oil Co., 300 F.2d 298 (5th Cir. 1962).

■ The granting or denying of a temporary injunction by the trial judge will not be disturbed on appeal unless there is shown to be a clear abuse of discretion. United States v. Edwards, 333 F.2d 575, 578 (5th Cir. 1964). We are of the firm conviction that no such showing has been made in this case. The district court found that the lists and technical data which appellee was to be enjoined from using had already been returned to appellant. He indicated that it is unlikely that the non-competition restrictions of the contract can be enforced. These two considerations alone are sufficient to justify a denial of the temporary injunction. We, of course, express no opinion as to the eventual outcome when the case is tried on the merits. There is indeed no reason why the case could not have proceeded to a trial on the merits while this appeal was pending. As we have previously indicated, an appeal from the denial or granting of a temporary injunction should not ordinarily delay the final trial of the case on its merits. United States v. Lynd, 321 F.2d 26 (5th Cir. 1963).

No abuse of discretion appearing, the judgment of the district court must be, and is hereby, affirmed.