Mary Jo FREEHILL, Petitioner,

v.

Honorable Oren R. LEWIS, Judge of the United States District Court for the Eastern District of Virginia, Respondent.

Mary Jo FREEHILL, Appellant,

v.

James T. BENN, Appellee.

Nos. 10259, 10302.

United States Court of Appeals
Fourth Circuit.

Argued Dec. 8, 1965.

Decided Jan. 7, 1966.

Richard M. Millman, Washington, D. C., for petitioner in No. 10,259 and appellant in No. 10,302.

Norbert J. Heubusch, Arlington, Va. (Heubusch & Heubusch, Arlington, Va., on brief), for appellee in No. 10,302 and John D. Schmidtlein, Asst. U. S. Atty., for respondent in No. 10,259.

Before HAYNSWORTH, Chief Judge, and BOREMAN and J. SPENCER BELL, Circuit Judges.

PER CURIAM:

This application for a writ of mandamus and an appeal present a question of the propriety of an order restricting pretrial discovery.

On September 3, 1964, a complaint was filed, seeking in the first count, recovery on a default judgment entered in a state court in Florida and, in a second count, recovery upon the substantive cause of action underlying the Florida judgment. The defendant, Benn, responded with a motion to dismiss the first count in which he questioned the validity of the service of process in Florida, and, thus, the validity of the judgment. At that time, he filed no answer to the second count of the complaint, as he might have done, but he was not required to do so.

A hearing was had on the motion to dismiss on March 26, 1965, and the motion was granted by an order filed on April 12, 1965. Thereafter, on April 29, 1965, the District Court signed the necessary certificate permitting an immediate appeal from the order dismissing the first count of the complaint. On the same day, the defendant, for the first time, filed an answer.

On April 30, 1965, the plaintiff filed a motion to advance the hearing in this Court of her appeal from the order dismissing the first count of her complaint. The motion was granted and the hearing of the appeal was advanced to July 1, 1965. This was done because it was thought that determination of the appeal, if favorable to the appellant, would relieve the parties and the Court of the burdens inherent in preparation for a full trial on the second count, since assembly of the relevant proof is said to involve many complexities. The appeal was heard and the Court's judgment affirming dismissal on the first count was announced on July 20, 1965.[1]

Meanwhile, in the District Court the plaintiff had filed on June 1, 1965, a motion to stay proceedings in that court pending disposition of the accelerated appeal. That motion was denied on June 9, 1965, at which time the District Court ordered the completion of all pretrial processes by September 17, 1965. The plaintiff then filed a motion in this Court for a stay of the proceedings in the District Court pending disposition of the appeal. In light of the acceleration of the appeal and its prompt disposition on the merits, the motion for the stay was not acted upon and was declared to have become moot by reason of this Court's judgment announced on July 20, for the affirmance of the order dismissing the first count removed the reason for delay in preparations for trial on the merits of the second count.

While counsel for the plaintiff was engaged in the preparation of the case on appeal in this Court and in the presentation of that appeal, and during the pendency of his motion for a stay, he took no steps to proceed with pretrial discovery in preparation for a full trial on the merits of the second count. He represents to us that, upon receipt of a copy

1. Freehill v. Benn, 4 Cir., 348 F.2d 911.

of the opinion of this Court of July 20, he considered an application to the Supreme Court for a writ of certiorari, but ultimately concluded not to apply for it. The judgment of this Court in lieu of a mandate was received in the District Court on August 23, 1965.

Meanwhile, the plaintiff's attorney was also engaged in pretrial discovery proceedings in an unrelated case which was also pending in the Alexandria Division of the Eastern District of Virginia. In that case, there was an outstanding injunction or restraining order, and the attorney was doubtless under a duty diligently to proceed with the pretrial discovery.

Shortly after the return of this case to the District Court on August 23, 1965, however, the attorney served notices of the taking of the deposition of a prospective witness in Houston, Texas and of the defendant. The Houston deposition was taken on September 13, and that of the defendant was begun on September 16. There were objections to some questions and the taking of that deposition was not completed.

On the next day, September 17, the District Court declined to permit any further discovery proceedings and set the case for trial on November 9, 1965.

Sometime after September 17, 1965, the defendant filed in the Clerk's office 189 exhibits, which he proposed to use during the trial. These exhibits were produced before this Court en masse as one of a number of indications that the issues are complex, and that a substantial amount of probing will be required to ferret out the true facts.

■ A district court may, indeed it should, supervise and police its docket to the extent of assuring that cases are promptly and properly prepared for trial and are not allowed by the mutual indifference of opposing counsel to languish. A set rule limiting the time within which pretrial discovery may be had may be appropriate for routine cases, indeed, for most cases. The exceptional case requires different treatment, however, and the spirit of the rules does not require that completeness in the exposure of the issues in the pretrial discovery proceedings be sacrificed to speed in reaching the ultimate trial on the merits. Delay should be avoided to the extent that it is unnecessary or unreasonable but adequate time must be allowed for discovery of the facts and assembly of the proof.

■ In that connection, the District Court properly may give consideration to other demands upon the time and energies of counsel, particularly to those necessary for the presentation of an appeal, allowed by an order of the District Court, in the same case and for the pretrial preparation of an unrelated case pending in the same Court. Consideration may also be given to the propriety of an attorney's favoring such other commitments during the pendency of a nonfrivolous appeal, expedited on his motion, which, if successful, would obviate the necessity of an expenditure of substantial time and money in preparing for trial on the merits. Finally, in the exceptional case, consideration may and must be given to the complexity of the issues and of the proof and of the amount of time reasonably required for the pretrial processes if pursued with reasonable dispatch. An initial determination of a reasonable time allowance must be subject to redetermination, however, for the results of the pretrial processes frequently will disclose that the issues and the proof are far more complex, or much less so, than the Court and counsel had foreseen.

■ This Court is in no position to determine the extent of the complexity of issues or the time reasonably required for completion of the discovery processes if reasonably and diligently prosecuted. Such an inquiry is appropriate in a pretrial hearing, for, where counsel for all parties are present in a relatively informal proceeding, a District Judge can readily appraise the problems as they appear to be at that time.

So far as it appears, however, no such inquiry has been made in this case, or, if made in June 1965, has not been reviewed in light of subsequent develop-

ments and other relevant considerations of the type mentioned above.

It is apparent that difficulties of communication between Court and counsel in this case have arisen. There are clear indications of conflicts of personalities which impede them. In denying permission to further pursue the discovery processes on September 17, for instance, the Court stated "Pretrial discovery in this case was neither commenced nor noticed prior to September 16, 1965 * * *." It was apparently unaware that the taking of depositions had been noticed much earlier and a deposition had actually been taken on September 13. Of course, the District Court was unaware on September 17, 1965 of the number and the nature of the exhibits filed by the defendant in the Court after that date.

We do not suggest any fault on the part of the District Judge for the difficulties in communication which appear to have arisen. We do not know that any one of the attorneys is at fault. We have no occasion to attempt to assess fault, if any fault at all is present. The fact is, however, that personality clashes have impaired communication between Court and counsel, with the result that the kind of inquiry which appears to have been appropriate has not been made or reviewed and the Court appears to have acted on September 17 under some misapprehension.

There have been no applications by the defendant for a protective order, and there is not now any suggestion by him that the discovery proceedings, which the plaintiff wishes to pursue, are in any way oppressive. The only ground for the order foreclosing further proceedings was lack of diligence on the part of counsel in preparing this case. As we have indicated, that question should be resolved after exploration in the District Court of all relevant circumstances and in an atmosphere in which counsel may volunteer and the Court may receive all relevant information.

In this state of affairs, we think it unnecessary to issue a writ of mandamus to the District Judge. We are certain that he will give ready acceptance to our expression of our opinion that further inquiry should be had and the whole situation of the case reappraised in the light of all of the facts that now can be disclosed. In light of the fact that personality conflicts may impede such further inquiry, as they appear to have impeded inquiry in the past, the interests of justice appear to us to indicate a reassignment of the case to another judge. Our expression of this opinion contains no implication of criticism of the District Judge, but it seems obvious that another judge, with no previous involvement in the case, will have a greater opportunity to avoid the difficulties which have become manifest.

 "On the purported appeal, the case is remanded for further proceedings in the District Court. On the petition for the writ of mandamus, the petition is denied, with leave to any party to reapply to this Court in the event of any apparent need for further proceedings in, or orders of, this Court.

Case remanded; petition denied.

