Hartwell C. MACON, Sr.,

v.

Benjamin F. BAILAR, etc.

Civ. A. No. 76–0398–R.

United States District Court, E. D. Virginia, Richmond Division.

March 14, 1977.

---

Kenneth V. Farino, Richmond, Va., Robert P. Fitzpatrick, Washington, D. C., for plaintiff.

Eliot Norman, Asst. U. S. Atty., Richmond, Va., for defendant.

## MEMORANDUM

WARRINER, District Judge.

This matter is before the Court on defendant's motion with accompanying memorandum filed 18 February 1977, seeking enforcement of its motion for production of documents. Plaintiff filed his responsive memorandum on 4 March 1977 and the motion is now ripe for disposition.

Defendant sought discovery of certain documents from plaintiff. Plaintiff refused to deliver the documents though they are apparently discoverable. Defendant then applied to the Court under Rule 37, Fed.R. Civ.P., for sanctions to enforce its right to the documents. Plaintiff responded by arguing that this Court has no jurisdiction to entertain the Rule 37 motion since plaintiff has applied for an interlocutory appeal from an order herein certifying a class not expansive enough for plaintiff's purposes.

The appeal is apparently based upon the view that the complaint seeks injunctive relief and those persons excluded from the class effectively have been denied injunctive relief. *See Doctor v. Seaboard Coastline R.R.*, 540 F.2d 699, 704 (4th Cir. 1976); *Brunson v. Board*, 311 F.2d 107, 108 (4th Cir. 1962). Under this fiction, the appeal is allowable under 28 U.S.C. § 1292(a)(1) which provides the courts of appeals with jurisdiction over appeals of "interlocutory orders of the district courts  .  .  .  refusing  .  .  .  injunctions." *See Doctor v. Seaboard Coastline R.R., supra*, at 704; *Brunson v. Board, supra* at 108.

Assuming then that we are dealing with a Section 1292(a)(1) appeal of an interlocutory order refusing an injunction we must determine what effect the appeal has on the proceedings in the district court. Plaintiff claims that the district court is ousted of jurisdiction over the entire action pending appeal while defendant contends that all matters outside the issue on appeal are unaffected.

■ Ordinarily the filing of a notice of appeal operates to transfer jurisdiction from the district court to the court of appeals thus precluding the district court from proceeding with any aspect of the cause other than to act in aid of the appeal as empowered by the Rules of Civil Procedure, Rule 62. *Janousek v. Doyle*, 313 F.2d 916, 920 (8th Cir. 1963); *Merritt Chapman & Scott Corp. v. City of Seattle, Washington*, 281 F.2d 896, 899 (9th Cir. 1960); *Securities & Exchange Commission v. Crofters, Inc.*, 351 F.Supp. 236, 264 (S.D. Ohio 1972). This rule consistently has been applied in cases where the order or judgment from which the appeal was taken was final in its nature to all or as to certain aspects of the case. *Janousek v. Doyle, supra* at 920. There are, however, exceptions to this rule and the Court believes we are here dealing with such an exception.

■ Section 129 of the 3 March 1911 Code, 36 Stat. 1134, a forerunner of 28 U.S.C. § 1292(a)(1), provided in part that where an injunction be granted, continued, refused or dissolved by order of the district court an appeal may be taken from such interlocutory order to the court of appeals provided that:

The proceedings in other respects in the court below shall not be stayed unless otherwise ordered by that court, or the appellate court, or a judge thereof, during the pendency of such appeal.

This language would have clearly answered the question before us but it is absent from § 1292(a)(1), the present embodiment of the above quoted statute:

The courts of appeals shall have jurisdiction of appeals from:

Interlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court.

Curiously, subsection (b) of § 1292,[1] which deals with discretionary interlocutory appeals, as distinguished from interlocutory appeals as a matter of right provided for under the specific circumstances set out in § 1292(a), includes language similar to that of the earlier version of § 1292(a)(1) with regard to no automatic stay of the proceedings below. At first blush one may assume that Congress intended under the present Section 1292 to provide an automatic stay of the proceedings in the district court under subsection (a), where the appeal is a matter of right, but in subsection (b) to allow the proceedings in the district court to continue absent an order to the contrary. The legislative history of Section 1292, however, does not support this assumption.

The above quoted predecessor statute to the present Section 1292(a) underwent a number of recodifications but retained the language stating that the proceeding would not be stayed below during the pendency of the appeal until it was, indiscriminately with other procedural provisions, deleted from the statute after the adoption of the revised Federal Rules of Civil Procedure in 1948. Rule 73 of the Revised Rules governing the procedure for appeals from the district court, including appeals under this statute, superseded the provisions thereof. *See History; Ancillary Laws and Directives,* annotating 28 U.S.C. § 1292; *Notes of Advisory Committee on Rules*

para. 2, annotating Fed.R.Civ.P. 73, 28 U.S.C.A. Rules 52 to end (ed. 1950).

Rule 73 however, did not speak to the issue of whether or not the proceedings in the district court continued during the pendency of the statutory appeal in question. It appears that the deletion was no more than part of a general housecleaning of the procedural aspects of the statute and that the question created by its omission from the statute was left unanswered, perhaps inadvertently, in the comprehensive design of Rule 73.

Thus, immediately before the 1958 amendment, which wrote the statute into its present form, the statute did not contain the no-stay provision in question. The amendment simply labeled the former statute as subsection (a) of § 1292 and added a new subsection (b) which did include a stay provision. The legislative history of the stay provision does not indicate the reason for its inclusion in subsection (b). But significantly, it was not at that time deleted from what is now subsection (a) and transferred to subsection (b). For the foregoing reasons we believe that the absence of the no-stay provision in Section 1292(a), despite its presence in subsection (b), does not necessarily imply that the Congress intended that proceedings in the district court should be automatically stayed pending a Section 1292(a)(1) appeal.

■ This opinion is buttressed by the case law. The following cases support the proposition that an appeal from an interlocutory order affecting an injunction does not divest the trial court of jurisdiction to continue with other phases of the case. *Ex parte National Enameling & Stamping Co.,* 201 U.S. 156, 26 S.Ct. 404, 50 L.Ed. 707 (1906); *DePinto v. Provident Security Life Ins. Co.,* 374 F.2d 50 (9th Cir. 1967); *Nalco*

---

1. When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of

Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order. § 1292(b).

*Chemical Co. v. Hall*, 347 F.2d 90 (5th Cir. 1965); *United States v. Lynd*, 321 F.2d 26 (5th Cir. 1963), *cert. denied*, 375 U.S. 968, 84 S.Ct. 486, 11 L.Ed.2d 416 (1963); *Phelan v. Taitano*, 233 F.2d 117 (9th Cir. 1956); *Janousek v. Doyle*, 313 F.2d 916, 920 (8th Cir. 1963); *United States v. City of Chicago*, 411 F.Supp. 218 (D.C.1976); *L. A. Concrete Plumbing Inc. v. Majich*, 18 FR Serv. 2d 45 (1973).

Relying on these cases poses a difficulty for this court. Although several of the cases were decided after the 1958 amendment, these cases cite as precedent *Ex parte National Enameling & Stamping Co., supra,* decided when the forerunner statute, which contained the no-stay provision, was the law.

*Janousek v. Doyle,* cited above deals most extensively with the issue. *Janousek* acknowledges the omitted provision in the present Section 1292(a) and reconciles the problem by concluding that it is now incorporated in Fed.R.Civ.P. 62(a). Rule 62(a) provides:

Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry. Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent, shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal. . .

We opine that *Janousek* misplaced its reliance. Rule 62(a) governs stays of interlocutory and final judgments in injunction cases. It says that enforcement of such judgments will not be stayed in the interim between entry and appeal. It does not by its terms nor by implication apply to the proceedings in a district court of a cause from which a Section 1292(a) appeal is pending. *Janousek* also cites Rule 62(c) in support of its position:

When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

Rule 62(c) clearly speaks to a district court's power to act with regard to an order appealed from to maintain the status quo in aid of an appeal. It does not speak to the issue of a district court's jurisdiction with regard to other phases of the case. The inclusion in Rule 62(c) of appeals from final judgments in injunction cases, where a district court would manifestly be ousted of general jurisdiction, makes it clear that only a continuing jurisdiction *in aid of the appeal* is contemplated.

This Court, then, is not unmindful that the underpinnings of the *Janousek* decision and the other cases cited are weak. But we nevertheless believe that the decisions correctly state the law.

Although a number of courts have found Rule 54(b), Fed.R.Civ.P., to be inapplicable to a Section 1292(a)(1) appeal,[2] we find Rule 54(b), by analogy, to be supportive of this Court's conclusion to follow the *Janousek* decision and the other decisions cited.

Rule 54(b) addresses the actual facts of the issue herein, looking behind the construction employed by *Brunson* and *Doctor, supra.* The instant action being designated a class action, it perforce has multiple parties plaintiff. Rule 54(b) provides in part that where there are multiple parties the Court may enter final judgment as to fewer than all the parties upon express determination that there is no just reason for delay and upon express direction for entry of judgment. As with a Section 1292(a)(1) appeal case law holds, without explication, that certification of a Rule 54(b) appeal does not stay the proceedings below as to

---

**2.** *Atlantic Richfield Co. v. Oil Chem. & Atomic Workers Intl. Union AFL–CIO*, 447 F.2d 945 (7th Cir. 1971); *Build of Buffalo Inc. v. Sedita*, 441 F.2d 284 (2nd Cir. 1971).

the remaining parties or as to the remaining claims. *Gaudiosi v. Mellon*, 269 F.2d 873 (3rd Cir. 1959). *See also, Freehill v. Lewis*, 355 F.2d 46 (4th Cir. 1966) wherein both the trial court and the court of appeals in a Rule 54(b) appeal assumed an express stay to be necessary to oust the district court of its authority to proceed as to the remaining, unappealing parties.

It is noteworthy that Rule 54(b) as originally promulgated in 1937 contained language similar to that of the predecessor statute of 1292(a) stating that "the judgment shall terminate the action with respect to the claim so disposed of and the action shall proceed as to the remaining claims." 6 *Moore's Federal Practice* para. 54.01[5] (2d. ed. 1955). As with Section 1292(a), this language was not retained in the general rewriting of Rule 54(b) in 1946. *Moore's* states that there is no suggestion in the Committee Notes accompanying the 1946 Amendment that its omission was intended to effect a change in the rule. It concludes that the language was more likely eliminated as superfluous and further states:

> Where stay of proceedings in the district court is desired pending a Rule 54(b) appeal, the stay may be sought just as in cases involving appeals from preliminary injunctions. . . . But there appears to be no sound reason why a Rule 54(b) appeal should automatically stay further proceedings in the district court, which may be entirely unrelated to matters presented by the appeal. 9 *Moore's Federal Practice* para. 203.11 note 26 (2d ed. 1955).

Neither is there a sound reason for imposing an automatic stay under the facts herein. To reiterate the § 1292(a)(1) appeal herein is operating under a view in that an order designating or refusing to designate a class is a denial of an injunction or a "narrowing of the scope of injunctive relief." *Doctor v. Seaboard Coastline R.R., supra* at 705. Under this construction *any* ruling of a trial judge in a class action suit impairing the class ability to realize its goals is similarly appealable. It is not the fact that it is a class certification order, per se, that makes the order appealable. It is the fact that such an order "narrows the scope of injunctive relief demanded by plaintiff" that makes it appealable, though interlocutory. It is the *effect* of the order, not its nature, that makes it appealable. Thus, under *Doctor*, any order which has that same effect would be similarly appealable.

This formulation by the Fourth Circuit opens a broad field for interlocutory appeals in class action suits. Any order unfavorable to the class arguably, indeed, actually, serves to narrow the scope of injunctive relief. Thus plaintiff in a class action has been given a key which he may use to manage the progress of the trial in the district court. Any interlocutory order which substantially narrows the scope of injunctive relief as demanded by plaintiff is appealable. If such interlocutory appeal carries with it an automatic stay of proceedings in the district court, if the district court automatically loses jurisdiction then the opposing party and the district courts are to a significant extent able to proceed only at plaintiff's sufferance. There is no reason to believe that such ought to be or is the law.

A district court exercises its discretion as to whether or not it should proceed with the remaining aspects of a cause where there has been an appeal from an interlocutory ruling adverse to one or more of multiple parties. F.R.Civ.P. Rule 54(b). This makes sense and is the law under Rule 54(b) where allowance of the appeal is within the discretion of the district court. It makes infinitely more sense in Section 1292(a)(1) appeals which are obtainable as a matter of right.

Those parties subject to an adverse ruling appealable under the broad scope of Section 1292(a)(1) should not be permitted to stop all action in the district court. The interests within a class may differ, indeed may be in conflict with the rights of others among multiple parties not subject to the adverse order and whose interests would require that the cause in the district court proceed as expeditiously as possible.

Sound judicial policy dictates that the district court be allowed to balance the rights of those parties seeking the decision of higher authority on a Section 1292(a)(1) appeal against the rights of those parties not involved with the appeal who seek expeditious resolution of their claims. Plaintiffs herein contend that they should exercise this power by the mere act of noting an appeal. As stated, we believe this power is properly reposed in the district court as a matter of discretion. We find no statute, rule, case law or practice to the contrary. The case law supporting the position herein, though flawed, is persuasive.

For the foregoing reasons we hold that a Section 1292(a)(1) appeal from an order of a district court limiting the size of a class does not serve to automatically oust the district court of jurisdiction as to matters not appealed nor to stay the action as to the class certified by the district court.

An appropriate order shall issue.

## ORDER

In accordance with the memorandum this day filed, the plaintiff is directed to produce the requested documents forthwith.