IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41090 c/w 98-40693
Conference Calendar

_____

HENRY EARL ESTER,

Plaintiff-Appellant,

versus

NACOGDOCHES COUNTY, TEXAS;
JOE EVANS, In his official capacity as Sheriff,
Nacogdoches County, Texas,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:95-CV-284
--------------------

August 25, 1999

Before KING, Chief Judge, and DAVIS and SMITH, Circuit Judges.

PER CURIAM:[*]

Henry Earl Ester, Texas prisoner # 442275, appeals the
district court's denial of his motion for a temporary restraining
order and/or preliminary injunction, the denial of his motion for
summary judgment, and the grant of summary judgment for the
defendant in this 42 U.S.C. § 1983 action.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

In his argument, Ester argues that the "court below" abused its discretion in excluding relevant evidence vital to his case.

He contends that he repeatedly attempted to introduce two affidavits pursuant to the Texas Rules of Evidence.  He also argues that the "court below" abused its discretion in admitting evidence, the statement of Joe Sanders, introduced by the State, which testimony was improperly obtained in a proceeding at which he was not present and unable to cross-examine.  Lastly, he argues that the State failed in its burden of proof, that the evidence introduced was legally and factually insufficient to support the court's judgment, and that the court's legal and factual determination of the evidence was based solely on factors it was forbidden by law to consider, because the only evidence introduced was in violation of the Texas Rules of Evidence.

The "court below" referred to by Ester is the state court which decided that Ester did not own the money, and the evidence referred to is the evidence produced at the state court hearing. Ester is asking this court to review the propriety of the state court proceedings.  He makes no argument whatsoever about the propriety of the district court's grant of summary judgment for the defendant in this case, or the denial of his motion for an injunction.

Ester has not adequately briefed any argument relating to the district court's grant of summary judgment or the denial of his request for injunctive relief.  See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).  Failure by the appellant to identify

any error in the district court's analysis or application to the facts of the case is the same as if the appellant had not appealed that judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Ester argues that the district court was divested of jurisdiction when he filed his interlocutory notice of appeal from the district court's order denying him injunctive relief and that the district court did not have jurisdiction to grant the defendant's motion for summary judgment while that appeal was pending. The pendency of an interlocutory appeal from the denial of a preliminary injunction does not ordinarily divest the district court of jurisdiction to proceed with other aspects of the case, including a final decision on the merits of the case. Railway Labor Executives Ass'n v. City of Galveston, Texas, 898 F.2d 481 (5th Cir. 1990); Nalco Chemical Co. v. Hall, 347 F.2d 90, 92 (5th Cir. 1965).

Ester argues that the district court erred in applying the PLRA retroactively when his case was filed before the effective date of the Act. He also argues that the district court erred in assessing an additional filing fee for his amended notice of appeal. The district court did not err in assessing a fee under the PLRA. See Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998). Nor was it error for a fee to be assessed for the filing of Ester's amended notice of appeal.

Ester's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

Because the appeal is frivolous, it is DISMISSED.  <u>See</u> 5th Cir. R. 42.2.  Ester's motion to advance review is DENIED.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g).  We caution Ester that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; MOTION DENIED.