**OTIS ENGINEERING CORPORATION, Plaintiff-Appellant,**

v.

**James C. GUIMBELLOT, Defendant-Appellee.**

**No. 71-1381**

**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

Nov. 4, 1971.

Rehearing Denied Dec. 16, 1971.

---

\* [1] Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Marks, Claverie & Sims, New Orleans, La., of counsel.

Jesse R. Adams, Jr., Samuel C. Gainsburgh, New Orleans, La., for defendant-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This is a contract not to compete case governed by Louisiana law. It reaches us on appeal of the district court's decision not to enjoin Otis' former employee, Guimbellot, from engaging in the business of oil field wireline operator in competition with Otis.

Guimbellot worked for Otis for two and one-half years during which time he received twenty days school training as a wireline operator at a cost to Otis estimated roughly at $2,000. Before attending the school, Guimbellot signed a contract not to compete for two years within a 100-mile radius of Belle Chase, Louisiana, where he was employed by Otis. The contract is straightforward but the relevant Louisiana statute and precedent are not. The statute provides:

> No employer shall require or direct any employee to enter into any contract whereby the employee agrees not to engage in any competing business for himself, or as the employee of another, upon the termination of his contract of employment with such employer, and all such contracts, or provisions thereof containing such agreement shall be null and unenforceable in any court, provided that in those cases where the employer incurs an expense in the training of the employee or incurs an expense in the advertisement of the business that the employer is engaged in, then in that event it shall be permissible for the employer and employee to enter into a voluntary contract and agreement whereby the employee is permitted to agree and bind himself that at the termination of his or her employment that said employee will not enter into

Peter G. Burke, New Orleans, La., for plaintiff-appellant; Phelps, Dunbar,

the same business that employer is engaged over the same route or in the same territory for a period of two years.

This statute, amended in 1962 to include the proviso, indicates a state policy against contracts not to compete, but then appears to provide a simple means —any training expenditure—of circumventing this policy. The apparent contradiction has predictably spawned two contrary lines of authority in Louisiana's intermediate appellate courts. The Louisiana Supreme Court has not yet resolved the conflict.

National School Studios, Inc. v. Barrios, 236 So.2d 309 (La.App.1970); World Wide Health Studios, Inc. v. Desmond, 222 So.2d 517 (La.App.1969); and Aetna Fin. Co. v. Adams, 170 So.2d 740 (La.App.1964) purport to construe the statute literally, finding that the language, "incurs an expense in the training of the employee," means any expense incurred in training justifies a covenant not to compete. The conflicting cases, Theatre Time Clock, Inc. v. Stewart, 276 F.Supp. 593 (E.D.La. 1967); Nalco Chemical Co. v. Hall, 237 F.Supp. 678 (E.D.La.1965), aff'd 5th Cir. 1971, 347 F.2d 90; and National Motor Club of La. v. Conque, 173 So.2d 238 (La.App.1965) require the employer to make "substantial" expenditures on "special" training before the courts will enforce a noncompetition agreement. The latter courts have reasoned that to hold *any* expense in training an employee justifies a covenant not to compete would virtually abrogate the Louisiana policy against these covenants and render the first part of the statute a nullity. Some expense is involved in training workers for even the most menial task. Surely, they reason, the legislature did not intend to completely repeal its long-standing policy by adding the proviso.

Faced with the conflicting precedents, the district court chose to follow those requiring substantial expenditures on special training. Without stating our own preference on this issue, which can only be ultimately decided by the Louisiana Supreme Court, we hold that the district court did not err in making the choice it did. The only question that remains, therefore, is whether this case was properly decided on the basis of *Theatre Time Clock-Nalco Chemical-National Motor Club*. We think it was.

Guimbellot was schooled by Otis to be a wireline operator in Louisiana oil fields. Otis went to some length in its brief to show that this is a reasonably complicated job requiring training and experience. Over the years the company had encountered serious problems with poorly trained employees. The school that Guimbellot attended was established in response to these problems in the everyday business of Otis, not to provide specialists or persons highly trained to work on unusual assignments. The district court properly found that the training given appellee was not substantial when viewed in light of the fairly complex nature of his job. It was nothing more than normal training most job holders receive at some time during the course of their employment.

Preventing a man from engaging in his trade for two years within 100 miles of his home is a serious matter, as recognized by the Louisiana legislature. The legislature's policy against contracts not to compete has now been modified by the statutory proviso, but we believe that until the Louisiana Supreme Court rules to the contrary federal courts are free to follow state precedent indicating such policy has not been wholly abandoned.

Affirmed.