**Tom E. ELLIS and Robert Love, Plaintiffs,**

**v.**

**Frank M. DYSON et al., Defendants.**

**Civ. A. No. CA-3-5702.**

United States District Court, N. D. Texas, Dallas Division.

Dec. 13, 1973.

---

**3.** There is no dispute that the insurance company had a legitimate business need for the information.

Walter W. Steele, Dallas, Tex., for plaintiffs.

Thomas B. Thorpe and Douglas H. Conner, III, for the City of Dallas, Dallas, Tex., for defendants.

## OPINION AND ORDER OF DISMISSAL

ROBERT M. HILL, District Judge.

Tom E. Ellis and Robert D. Love, plaintiffs, filed this suit for redress of rights secured to them by the First and Fourteenth Amendments to the Constitution of the United States. This suit was instituted against certain officials of the City of Dallas, Texas, under 42 U.S.C. § 1983.[1] Plaintiffs attack the constitutionality of an ordinance of the City of Dallas which prohibits loitering. They seek declaratory and injunctive relief.

The defendants moved the court to dismiss the case for lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted. Alternatively they moved the court in its discretion not take jurisdiction of this case by reason of the doctrine of abstention. The court overruled the defendants' motion to dismiss and carried the motion for abstention. In their answer defendants reurged that the complaint be dismissed. Subse-

---

1. The city officials named as defendants are: Frank Dyson, chief of police; N. Alex Bickley, city attorney; Scott McDonald, city manager; Hugh Jones, clerk of the corporation court; Wes Wise, mayor.

quently, plaintiffs filed a motion for summary judgment.

The court has heard the arguments and considered the briefs of the parties in connection with the motion for summary judgment filed by plaintiffs and the motion for abstention filed by defendants. The court has also reconsidered the defendants' motion to dismiss which was previously denied. The court concludes that in the light of recent decisions of the Fifth Circuit hereinafter discussed the motion to dismiss should be granted.

In dismissing this case the court does not reach plaintiffs' motion for summary judgment or defendants' motion for abstention.

The complaint states that plaintiffs were arrested in the City of Dallas on January 18, 1972, and charged with violating an ordinance against loitering.[2] Plaintiffs applied to the Texas Court of Criminal Appeals for a writ of prohibition to prevent their prosecution under this ordinance. The gravaman of the application was the constitutionality of the ordinance under which plaintiffs were charged. This application was denied and the charges pending against the plaintiffs were set for trial in the corporation court of the City of Dallas. Plaintiffs moved to dismiss the charges on the ground that the ordinance was unconstitutional. This motion was denied and plaintiffs entered pleas of nolo contendere and were convicted.

In their complaint plaintiffs contend that this anti-loitering ordinance is unconstitutional "on its face" because it (1) is vague and overly broad, providing no discernible standards of conduct, and is violative of the due process clause; (2) is violative of the equal protection clause in that it depends upon the alarm or concern of a police officer as to whether the ordinance is being violated and this may vary from person to person; (3) prohibits conduct which is beyond the power of a governmental authority to make illegal; and, (4) has a "chilling effect" upon the free exercise of the rights of freedom of association and assembly and freedom of speech guaranteed by the First Amendment and has a "chilling effect" upon the fundamental right of freedom of movement. Plaintiffs do not allege any bad faith prosecutions, harassment or other unusual conduct, or threat of such in the future, by any of the defendants that has caused or will cause them to suffer irreparable injury and harm unless the relief prayed for is granted.[3]

For the purpose of ruling on defendants' motion to dismiss this court has assumed as true every factual allegation in plaintiffs' complaint and also assumes that the City of Dallas will continue to enforce the ordinance and this may subject plaintiffs to future arrest and prosecution under the ordinance.

Since plaintiffs do not allege that there are pending criminal proceedings

---

2. The ordinance in dispute is Section 31–60 of the revised Code of Civil and Criminal Ordinances of the City of Dallas, Texas. It provides in part "that no person shall loiter in, on or about any public or private place when his presence is accompanied by activity or is under circumstances affording probable cause for alarm or concern for the safety and well-being of persons or for the security of property in the surrounding area." It also defines loitering as including the activities of "walking about aimlessly without apparent purpose; lingering; hanging around; lagging behind; idle spending of

time; delaying; sauntering and moving slowly about, where such conduct is not due to physical defects or conditions."

3. In addition to asking this court to declare this ordinance unconstitutional, plaintiffs also ask the court to order all references to the arrests of the plaintiffs be "expunged" from police, FBI and court records and declare that if plaintiffs are ever asked if they have been arrested or convicted, they shall be entitled to answer in the negative insofar as the arrests and convictions arise from enforcement of this ordinance.

against them, this court is faced with the issue as to the propriety of granting federal declaratory and injunctive relief against possible future criminal prosecutions under an ordinance alleged to be unconstitutional on its face when there are no allegations in the complaint of bad faith prosecutions, harassment or other unusual circumstances which would cause plaintiffs to suffer irreparable injury and harm through the enforcement of the ordinance.

In Younger v. Harris, 401 U.S. 1, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court laid to rest any question as to what was required for federal judicial relief in those instances where there was pending criminal prosecution by holding that such relief could not be granted except under extraordinary circumstances where the danger of irreparable injury was great and immediate. 401 U.S. at 45, 91 S.Ct. 746. The Court went on to hold that the existence of a "chilling effect" on First Amendment rights would not alone constitute a sufficient basis for prohibiting pending state action. However, the propriety of granting federal relief when no state criminal proceedings are pending was expressly reserved by the Supreme Court when it decided *Younger's* sibling Samuels v. Mackle, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). However, the Fifth Circuit in recent decisions has responded to this very issue.

In Becker v. Thompson, 459 F.2d 919 (5th Cir. 1972) the court held that the *Younger* principles applicable to pending state criminal prosecutions are also applicable in cases seeking federal equitable relief from threatened state

criminal prosecution. Later decisions of the Circuit have followed this holding. Reed v. Giarrusso, 462 F.2d 706 (5th Cir. 1972) [4]; Milner v. Burson, 450 F. 2d 870, (5th Cir., 1972). The complaint in *Reed* alleged "harassment and unlawful arrest . . . done in utter bad faith." The court noted that "the complaint . . . makes allegations which, if proved, would entitle them to relief even under the stringent standards of *Younger*." *Reed*, 462 F.2d at 706, 711.

A reading of these cases leads the court to conclude that before federal declaratory or injunctive relief is available in the absence of a pending criminal prosecution there must be allegations of threatened bad faith prosecution, harassment or other unusual circumstances. In addition there must be an allegation of irreparable injury and harm to one seeking federal relief.

The only allegations in the complaint in this case which approach irreparable injury are the statements that the ordinance will have a "chilling effect" on the plaintiffs' First Amendment rights and their fundamental right of freedom of movement. The fact that the enforcement of this ordinance by the defendants would have such an effect is not enough to establish irreparable harm and injury. *Younger*, 401 U.S. at 51, 91 S.Ct. 746.

The court further notes that the plaintiffs have not alleged that they exhausted the state appeal processes after they were convicted in the corporation court. The plaintiffs could have appealed and obtained a trial de novo in the Dallas County, Criminal Court of Appeals. Vernon's Ann.Tex.Code Crim.

4. In *Reed* the court was initially concerned with the standing of the plaintiffs to bring the suit since this was the basis on which the district court had dismissed the complaint. The court concluded, as this court does in the case *sub judice*, that plaintiffs did have standing to sue since they had been arrested and alleged that they will continue to engage in the same conduct which brought about their arrests and that they fear future arrests, and prosecutions.

Proc.Ann. art. 44.17 (1965). Had they been convicted and fined in excess of $100.00, they could have appealed to the Texas Court of Criminal Appeals, the highest criminal appellate court in the State of Texas. Tex.Code Crim.Proc. Ann. art. 4.03 (1965). Had they been convicted and fined less than $100.00, plaintiffs would have exhausted their state remedies at that point.[5]

For the reasons set forth above it is the opinion of the court that the defendants' motion to dismiss should be granted.

5. At this stage plaintiffs had the right to appeal directly to the Supreme Court of the United States. 28 U.S.C. § 1257.