**PLAQUEMINES PARISH COMMISSION COUNCIL et al., Appellants,**

v.

**UNITED STATES of America by John MITCHELL, Attorney General of the United States, Appellee.**

**No. 26268.**

United States Court of Appeals
Fifth Circuit.

Aug. 15, 1969.

Leander H. Perez, pro se.

Leander H. Perez, Jr., Dist. Atty., Pointe-a-la-Hache, La., Luke A. Petrovich, Buras, La., Sidney Provensal, Jr., New Orleans, La., for appellants.

John Mitchell, Atty. Gen. of U. S., Stephen J. Pollack, Asst. Atty. Gen., Civil Rights Div., Dept. of Justice, Washington, D. C., Louis C. LaCour, U. S. Atty., Hugh W. Fleischer, U. S. Dept. of Justice, New Orleans, La., Frank M. Dunbaugh, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before GODBOLD and SIMPSON, Circuit Judges, and McRAE, District Judge.

SIMPSON, Circuit Judge:

The Plaquemines Parish Commission Council and the parish School Board appeal from an order of the district court entered March 19, 1968, restraining the appellants from closing the Plaquemines Parish public school system prior to the regularly scheduled termination of the 1967–68 school year and further restraining the appellants from failing to provide adequate revenue to allow the operation of the Plaquemines Parish public school system for the remainder of the 1967–68 school year. Judge Godbold denied a motion for a stay of the district court order on March 30, 1968, thus virtually rendering this appeal moot,[1] as appellants in compliance with the court's order provided revenues for the schools and did not close them ahead of schedule.

The basic facts underlying the trial court's order for further relief are as follows. Because of the impending desegregation suit against the school district, the Board transferred all its property to the Commission Council and was forced to lease it back in order to operate the public schools. In addition, the Board was required to buy from the Commission Council school buses which previously had been used rent free. These actions by the Commission Council resulted in a tremendous loss to the School Board.[2] In order to conduct the schools in accordance with the court's order of June 27, 1967, the School Board applied for and received certain federal financial assistance.

On March 5, 1968, the superintendent of the Plaquemines Parish schools announced over television that the Plaquemines Parish public school system would close on April 1, 1968, because of the grave financial situation facing the School Board. The Commission Council decided it was unable to help further with support of the public schools and proffered no more aid to the enbattled School Board. The Commission Council adopted this posture despite the fact that it was providing complete transportation service for segregated private schools in the parish.

Although we consider the appeal virtually moot, we discuss briefly the position of appellants. Many of their contentions closely parallel those made

1. See 6A Moore, Federal Practice § 3072 (1965); 3A Barron & Holtzoff Federal Practice and Procedure (Wright Ed. 1958) § 1560.

2. The total loss is in the neighborhood of $1,150,000.

**954**

on appeal from the trial court's comprehensive desegregation decree entered June 27, 1967, 291 F.Supp. 841, and we have thoroughly considered these. See Plaquemines Parish School Board, et al. v. United States, 5 Cir. 1969, 415 F.2d 817 [August 15, 1969]. Most of the relevant background facts can be found in that opinion.[3] We discuss briefly the few new arguments made by appellants.

The district court did not lose jurisdiction of the parties merely because an appeal was pending from the desegregation order. Appellants cite no school case authority to support their view that the district court lacks jurisdiction to promulgate additional orders to maintain the status quo and to insure the enforcement of its previous orders. Generally, a district court retains jurisdiction to enforce its prior orders, and this is particularly true with respect to desegregation cases. United States v. Swift & Co., 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 (1932); Brown v. Board of Education, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083 (1955) (Brown II); Green v. School Board of New Kent County, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968).

The appellants contend that the principle of res judicata prevents the granting of this supplemental relief. We do not agree. The court was faced with a drastic change of circumstances, including a very real threat to the continued existence of public education in Plaquemines Parish. The trial court could not have expected these development because the defendants had assured the court that the School Board could meet its financial obligations for the 1967–68 school year. The court certainly did not expect the possibility that the

schools would close when it entered its decree.[4] There are no procedural bars to the grant of relief in this case.

Appellants' arguments on the merits were considered on the appeal from the permanent injunction. They are no more persuasive now than they were then. In fact, they are less convincing when we are confronted with an undisguised threat to eliminate public education and do substantial harm to the lives of many students.

The judgment of the district court is affirmed.

---

3. When the instant appeal became ripe for calendaring, it was, with the full consent of the parties, assigned to this panel, without oral argument, since the prior appeal in No. 24009 was then held under advisement by this panel.

4. The court would not have entered such a detailed decree in June, 1967, if it expected that public education could not survive

financially in Plaquemines Parish. It is significant that publication of information concerning the required free-choice period was due on March 1, 1968, over a month before the superintendent announced his intention of closing the schools. As of March 15, 1968, the publication provision of the free-choice plan ordered by the trial court had been ignored.