John O.B. Clarke, Jr., Elizabeth A. Nadeau, Highsaw, Mahoney & Clarke, Washington, D.C., Marc A. Zito, Jones & Granger, Houston, Tex., for plaintiffs-appellants.

**RAILWAY LABOR EXECUTIVES' ASSOCIATION, et al., Plaintiffs–Appellants,**

v.

**CITY OF GALVESTON, TEXAS, acting By and Through the BOARD of TRUSTEES of the GALVESTON WHARVES, Defendants–Appellees.**

No. 90–2070.

United States Court of Appeals, Fifth Circuit.

April 18, 1990.

Benjamin R. Powel, McCleod, Alexander, Powel & Apffel, Galveston, Tex., Arthur L. Dent, III, Houston, Tex., for City of Galveston.

Devin J. Dowd, Frank Dengelesi, Slover & Loftus, Washington, D.C., for Galveston Ry.

Richard T. Conway, Shea & Gardner, Washington, D.C., for amicus curiae National Ry. Labor Conference.

Before RUBIN, POLITZ, and DUHÉ, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Because the pendency of the interlocutory appeal from the district court's judgment denying the preliminary injunction did not divest the district court of jurisdiction to proceed with other aspects of the case,[1] that court did not act improperly in considering the plaintiff's petition for a permanent injunction. For the reasons given in *Railway Labor Executives' Association v. City of Galveston*, 897 F.2d 164 (5th

---

1. *See* Fed.R.Civ.P. 62(c); *Plaquemines Parish Comm'n Council v. United States,* 416 F.2d 952, 954 (5th Cir.1969); 11 C. Wright & A. Miller, Federal Practice & Procedure § 2962, at 631–32 (1973).

Cir.1990), we affirm the district court's judgment denying that petition.