**State of MAINE, Plaintiff,**

**v.**

**Gale NORTON, in Her Official Capacity as the Secretary of the United States Department of the Interior, et al., Defendants.**

**Maine State Chamber Of Commerce, et. al., Plaintiffs,**

**v.**

**Gale NORTON, in Her Official Capacity as the Secretary of the United States Department of the Interior, et al., Defendants.**

**Nos. CIV 00–250–B–C, CIV 00–254–B–C.**

United States District Court,
D. Maine.

July 19, 2001.

Christopher C. Taub, Asst. Atty. General, Augusta, ME, Paul A. Lenzini, Alexandria, VA, Peter W. Culley, Pierce, Atwood, Portland, ME, for Plaintiffs.

Catherine R. Lewers, U.S. Department of Justice, Environment & Natural Resource Division, Washington, DC, Matthew Love, U.S. Department of Justice, Environmental & Natural Resources Div., Washington, DC, for Defendants.

Kirk G. Siegel, Hanley & Assoc., South Paris, ME, Howard M. Crystal, Eric Glitzenstein, Meyer & Glitzenstein, Washington, DC, for Movants.

## ORDER DENYING PLAINTIFFS' MOTIONS NOT TO STAY PROCEEDING AND TO RETAIN JURISDICTION

GENE CARTER, District Judge.

Before the Court are Plaintiff Maine State Chamber of Commerce's Motion Not to Stay Proceeding (Docket No. 25) and Plaintiff State of Maine's Motion for the Court to Retain Jurisdiction Pending Interlocutory Appeal (Docket No. 29). Both motions generate the same issue: whether this Court has jurisdiction to proceed with the development of this case for trial on the merits after a filing of a Notice of [Interlocutory] Appeal (Docket No. 27) from this Court's Memorandum of Decision denying the Motion [of various groups and individuals] To Intervene (Docket No. 16).

The parties properly note that the general rule, also applicable in this circuit, is that "entry of a notice of appeal divests the District Court of jurisdiction to adjudicate any matter relating to the ap-

peal." *United States v. Distasio*, 820 F.2d 20, 23 (1st Cir.1987). They also note the very modest amount of flex permitted in the application of this rule in that the District Court "retains authority to decide matters *not inconsistent with the pendency of the appeal.*"[1] *United States v. Hurley*, 63 F.3d 1, 23 (1st Cir.1995) (emphasis added); *see Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, 411 (1st Cir.), *cert. denied*, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976). The linchpin, however, of the moving party's argument is that there is no inconsistency in this Court going forward with the development of this case for trial (or permitting the principal parties to do so) while the Court of Appeals has pending before it for decision whether the proposed intervenors should be allowed to participate *as parties* in that course of development of the case. That argument is without any rational foundation as a cursory examination of the facts will show.

The proposed intervenors filed a motion to be allowed by the Court to intervene *as parties* in this lawsuit. Granting of the motion would have meant that they could participate to the full extent that the existing parties to the case can participate in pleading, discovery, motion practice, advocacy on any of the issues that might arise in the course of pretrial preparation of the case, and, ultimately, trial participation, including direct and cross-examination of the witnesses at trial and the opportunity to present testimony and evidence at trial at their own initiative. The Court, however, denied that motion, thereby depriving the proposed intervenors of the participatory role they seek in this case. That is now on appeal to the Court of Appeals, where the generic issue posed to the Court of Appeals to be resolved is whether the proposed intervenors are entitled to such a participatory role in the ongoing development and progress of this case as intervenors *qua* parties. It is clear beyond peradventure of any doubt to this Court, if the usual rules of analytical thought and process are to be applied, that any action that this Court allows or takes for the development of the case without the opportunity of the proposed intervenors to participate therein *must* be inconsistent with the question pending on appeal as to whether they are entitled to such rights. Any other conclusion is nothing more than wishful thinking.

■ Since the issue touches on the Court's *jurisdiction* to proceed in the face of the assertion of the appellate court's jurisdiction, the application of the general rule must be rigorous and the result cannot be influenced by the many considerations of exigency to their interests which the moving parties surface in their briefing of the motions. Jurisdiction either exists or it does not (here, it clearly does not), and neither the Court nor the parties may in such event attempt to confer jurisdiction on this Court by the employment of unfounded analyses, artful stratagems, pleas of exigency, or wishful thinking.

---

1. The Court of Appeals has defined very narrowly, where it has at all addressed the question, those areas in which the District Court may act within the penumbra of "consistency." The ambit of permitted actions seems confined to actions akin to what the Court has described as "mongrel" motions. *United States v. Hurley*, 63 F.3d 1, 23 (1st Cir.). Such actions as determining attorney's fees or actions in aid of execution of a judgment that has been appealed but not stayed are of the nature of actions that are considered by the Court not to be "inconsistent" with a pending appeal. *Id.* For this Court to unleash the thoroughbreds of the trial bar to perform the broad spectrum of their proper litigation stratagems in the absence of the proposed intervenors as parties to the action would be a far cry from the adjudication of mongrel motions. That dog will not hunt.

The moving parties' arguments are perhaps more properly to be addressed to the Court of Appeals as a predicate for an expedited resolution of the appeal or an order of that Court authorizing this Court to allow the matter to proceed, though on what basis the latter could be done without extreme violence to the fundamental rules of jurisdiction is hard to imagine.

The motions are hereby **DENIED**.

So **ORDERED**.