United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

―――――――――――――

No. 03-20555
Summary Calendar

―――――――――――――

STAN HUNT, of himself as an individual and on behalf of himself
and all others similarly situated,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, Texas Department of Criminal Justice,
Institutional Division; JANIE COCKRELL; DUDLEY M. THOMAS,
Director; STEVE ROBINSON, Executive Director of the Texas Youth
Commission; VICKI SPRIGGS, Executive Director of the Texas
Juvenile Probation Commission; TOM BAKER, Director of the Texas
Department of Criminal Justice, State Jail Division; VICTOR
RODRIGUEZ, Director of the Texas Department of Criminal Justice,
Pardon and Parole Division; TOBY PABLO, Executive Director of the
Texas Criminal Justice Policy Council,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-01-CV-3443)
--------------------

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Stan Hunt, Texas prisoner #363715, appeals

the grant of summary judgment in favor of the defendants in his

civil-rights suit challenging TEX. GOV'T CODE § 411.148 and related

―――――――――――――

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sections, which require that particular inmates provide prison officials with blood samples for purposes of creating a DNA database. Hunt argues that the district court should not have applied the "special needs" doctrine to uphold the constitutionality of the statute under the Fourth Amendment, inasmuch as the principal purpose of the statute is to establish a DNA database to assist in law enforcement. As we have previously rejected the argument that § 411.148 violates the Fourth Amendment, see Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003), Hunt's Fourth Amendment challenge to § 411.148 is foreclosed.

Hunt also argues that the district court erred in holding that § 411.148 is not a bill of attainder on the ground that it is not applicable to an individual or easily ascertainable members of a group and that it is not punitive. A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 468 (1977). Hunt's argument fails because § 411.148 refers only to conduct for which the individual has already been convicted and thus cannot be a bill of attainder.

Hunt makes no argument with regard to his other constitutional claims, i.e., those under the Eighth Amendment, the Fourteenth Amendment, and the Ex Post Facto Clause. As such he has waived these arguments. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994).

2

Hunt further contends that the district court erred in not certifying the plaintiff class on grounds that the relief sought was exclusively injunctive and declaratory and that the issues common to the class are identical to Hunt's. The district court did not need to reach the issue of class certification, however, because Hunt did not (and has not) shown that he has a legitimate claim. See Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1443 n.7 (5th Cir. 1993). The district court did not abuse its discretion in declining to certify a class. See Lightbourn v. County of El Paso, Tex., 118 F.3d 421, 425-26 (5th Cir. 1997).

Hunt also asserts that the district court erred in not ordering service of the amended complaint on the defendants. As the district court determined that the claims added by the amended complaint failed, that court did not err in dismissing the amended complaint sua sponte prior to its being served and prior to denying Hunt's motion for service of the complaint as moot. See 28 U.S.C. § 1915(e)(2).

Hunt argues in addition that the district court did not have the power to grant summary judgment while his interlocutory appeal was pending. Hunt's argument fails because the pendency of an interlocutory appeal from the denial of a preliminary injunction ordinarily does not divest the district court of jurisdiction to proceed with other aspects of the case, including its reaching a final decision on the merits of the case. See Railway Labor Executives' Ass'n v. City of Galveston, Texas, 898 F.2d 481, 481

3

(5th Cir. 1990); <u>Taylor v. Sterrett</u>, 640 F.2d 663, 667-68 (5th Cir. 1981).

Finally, Hunt insists that the district court abused its discretion in refusing to compel the defendants to respond to his discovery requests. As the district court's grant of summary judgment turned on a pure issue of law, there were no issues of fact that would require additional discovery. <u>See</u> <u>Williams v. Phillips Petroleum Co.</u>, 23 F.3d 930, 937 (5th Cir. 1994). The district court did not abuse its discretion in denying as moot Hunt's motion to compel discovery. <u>See</u> <u>id.</u> The judgment of the district court is, in all respects,

AFFIRMED.