**PHARMACEUTICAL CARE MANAGEMENT ASSOCIATION,**
Plaintiff

v.

**MAINE ATTORNEY GENERAL,**
Defendant

No. CIV.03–153–B–H.

United States District Court,
D. Maine.

Aug. 16, 2004.

---

John J. Aromando, Esq., Catherine R. Connors, Esq., Pierce Atwood, Portland, ME, Paul J. Ondrasik, Jr., Esq., Martin D. Schneiderman, Esq., Steptoe & Johnson, Washington, DC, for Pharmaceutical Care Management Association, plaintiff.

Ronald W. Lupton, Esq., Andrew L. Black, Esq., Assistant Attorney Generals, Augusta, ME, for Main Attorney General, defendant.

## ORDER ON DEFENDANT'S MOTION FOR STAY PENDING APPEAL AND DEFENDANT'S MOTION TO SUPPLEMENT THE DISTRICT COURT RECORD

HORNBY, District Judge.

On March 9, 2004, Judge Woodcock granted the plaintiff Pharmaceutical Care Management Association's motion for a preliminary injunction against the defendant Maine Attorney General's enforcement of a Maine statute. *Pharm. Care Mgmt. Assoc. v. Rowe,* 307 F.Supp.2d 164 (D.Me.2004). Thereafter, Judge Woodcock recused himself and the case was assigned to me. The Attorney General moved to amend or vacate the preliminary injunction. On July 7, 2004, I denied the motion. *Pharm. Care Mgmt. Assoc. v. Maine Attorney Gen.,* 324 F.Supp.2d 74 (D.Me.2004). The Attorney General then took an interlocutory appeal to the First Circuit from the preliminary injunction. *See* 28 U.S.C. § 1292(a)(1).

■ The Attorney General's motion to stay discovery pending appeal is DENIED. The general rule for an interlocutory appeal of a preliminary injunction is that it "does not defeat the power of the trial court to proceed further with the case." 16 CHARLES A. WRIGHT, ARTHUR R. MILLER AND EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3921.2 at 53 (3d ed.1999). The Circuits that have ruled directly on the issue are in accord with this statement, and have urged trial courts to continue their proceedings while the interlocutory appeal is processed. *See, e.g., Webb v. GAF Corp.,* 78 F.3d 53, 55 (2d Cir.1996); *Ry. Labor Executives' Ass'n v. Galveston,* 898 F.2d 481, 481 (5th Cir.1990); *West Pub. Co. v. Mead Data Cent., Inc.,* 799 F.2d 1219, 1229 (8th Cir.1986); *United States v. Price,* 688 F.2d 204, 215 (3d Cir. 1982); *Soc'y for Animal Rights, Inc. v. Schlesinger,* 512 F.2d 915, 918 (D.C.Cir. 1975); *United States v. Lynd,* 321 F.2d 26, 28 (5th Cir.1963). The First Circuit seems not to have addressed the issue head-on, but has said in dictum in a criminal case that "an appeal from either a final order or an interlocutory order made immediately appealable by statute divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal." *United States v. Mala,* 7 F.3d 1058, 1060–61 (1st Cir.1993) (citation omitted).

■ The question, then, is the scope of the First Circuit's phrase "any matter touching upon, or involved in, the appeal" for interlocutory appeals. On the one hand, it can be said that trial court proceedings directed to the merits of the lawsuit inevitably "touch upon" the interlocutory appeal. On that basis, however, interlocutory appeals would almost uniformly bring trial court proceedings to a halt, a conclusion contrary to the history

of the statute and rules. WRIGHT & MILLER, *supra*, § 3921.2 at 54–55. I conclude that it is more reasonable to read the First Circuit's dictum in *Mala* as consistent with the appellate caselaw from the other circuits and to restrict only trial court proceedings that impinge more directly upon the questions presented in the interlocutory appeal. Judge Carter had just such a case in *Maine v. Norton*, 148 F.Supp.2d 81 (D.Me.2001). In *Norton*, Judge Carter had denied a motion to intervene, and the would-be intervenors took an interlocutory appeal. They wanted to proceed as parties in the trial court—in pleading, discovery, motion practice, advocacy on pretrial issues, and trial participation. Understandably, Judge Carter held that going forward with the lawsuit in the trial court in their absence would be inconsistent with the question pending on appeal, namely, whether they were entitled to party participation rights. *Id.* at 83.

■ Unlike *Norton*, there is no inconsistency here between the interlocutory appeal and proceeding toward final resolution of the merits in the trial court. It appears from the motion to stay discovery and the motion to supplement the record (see below) that the Attorney General is challenging on appeal the preliminary injunction's conclusions on associational standing, ERISA preemption, and takings. On all such issues, the preliminary injunc-

tion Orders concluded that the plaintiff met the "likelihood of success" criterion, one part of the familiar 4–part standard for granting or denying preliminary injunctions. *Narragansett Indian Tribe v. Warwick Sewer Auth.*, 334 F.3d 161, 166 (1st Cir.2003). By definition, the Orders could not hold that the plaintiff would in fact succeed on the merits after discovery and trial. Thus, on the interlocutory appeal of the Orders, the Court of Appeals also will not hold finally that the plaintiff will win or lose,[1] but will evaluate the likelihood of success (and the other pertinent parts of the 4–part standard). Moreover, in reviewing the preliminary injunction, the Court of Appeals will "afford[ ] 'considerable deference' to the 'judgment calls' the district court made in applying this [4–part] test, while reviewing pure issues of law de novo and factual findings for clear error." *Id.* (citations omitted).

I conclude, therefore, that the interlocutory appeal of the preliminary injunction does not ipso facto deprive this court of jurisdiction to proceed with discovery, pretrial preparation, motion practice and trial. Moreover, I decline the Attorney General's invitation to stay proceedings as a matter of discretion. Any decision in the Court of Appeals on the preliminary injunction will by definition be preliminary so far as the merits are concerned. It is an appropriate use of judicial resources (and those of the parties) to proceed with the actual merits so as to obtain a final resolution.[2]

1. The case would be different if the Attorney General had moved to dismiss on any of these grounds, and if the trial court had denied the motion. Then, if an interlocutory appeal were permitted, the Court of Appeals would have the merits directly before it.

2. *See Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 673 (9th Cir.1988): In this case ... the government moved to stay discovery in the underlying litigation pending our disposition of this appeal. To the extent that a desire to get an early

glimpse of our view of the merits of the underlying legal issues in this litigation motivated this tactic, it was both misconceived and wasteful. A preliminary injunction is, as its name implies, preliminary to the trial—not to an appeal. We believe that this case could have proceeded to trial, or to the summary judgment stage, in less time than it took the parties to submit these cases for appeal. Had the parties pursued this course, they would have achieved a prompt resolution of the merits. But the parties

The Attorney General's motion to supplement the record on appeal, Fed. R.App. Proc. 10, is GRANTED; the documents the Attorney General wishes to add to the appellate record were presented to the Magistrate Judge in connection with the discovery conference of July 15, 2004. I am highly dubious, however, that the documents are material to the Attorney General's attack on associational standing (the Attorney General says that is the purpose of the supplementation) in the pending appeal of the District Judges' Orders, for the documents were never presented to the District Judges in connection with their rulings. Nevertheless, I leave determination of the materiality issue to the Court of Appeals.

■ I reject the plaintiff's assertion that other discovery-related correspondence must be included for completeness. That other correspondence may well bear upon who is responsible for any discovery-related difficulties that are occurring in this lawsuit, but since it was not presented to a judicial officer, it is not appropriately part of the court record. *See United States v. Rivera–Rosario,* 300 F.3d 1, 9 (1st Cir. 2002) ("[A] 10(e) motion is designed to only supplement the record on appeal so that it accurately reflects what occurred before the district court. It is not a procedure for putting additional evidence, no matter how relevant, before the court of appeals that was not before the district court.") (citation omitted). The existence of this other correspondence may support the plaintiff's argument that the Attorney

General's narrow supplement to the record is not material or reliable information for purposes of review of the decision on associational standing, but that too I leave to the Court of Appeals.

My ruling denying a stay of discovery does not in any manner restrict the discretion of the Magistrate Judge to continue managing discovery with such enforcement or relaxation of deadlines as she deems appropriate and in the interests of justice.[3]

So ORDERED.

did not pursue this course; therefore, we are conducting our review on the basis of a limited record. On the basis of this limited record and the status of the litigation, we may do no more than determine whether the district court abused its discretion in determining that serious legal questions were raised and that the balance of hardships tipped sharply in favor of the owners

and crew. Our resolution of these issues will not determine the merits of the underlying legal issues presented in this litigation, and will only temporarily affect the rights of the parties.

3. Defendant's Request for Expedited Decision on its Motion to Stay is moot in light of this ruling.