# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-50415
Summary Calendar

CHASE HOME FINANCE LLC; JP MORGAN CHASE BANK NA; JP MORGAN CHASE & CO; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC

Plaintiffs-Appellees

v.

WALTER LEE HALL, JR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CV-1070

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Walter Lee Hall, Jr., has filed this interlocutory appeal challenging the district court's orders entering a preliminary injunction against him and denying his motion to vacate the preliminary injunction order. He also moves for leave to proceed in forma pauperis (IFP) on appeal and for the preparation of a transcript at government expense. The Appellees have filed a motion to dismiss the interlocutory appeal arguing that the district court's entry of a final

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment establishing a permanent injunction rendered this interlocutory appeal moot.

An appeal from the grant of a preliminary injunction generally becomes moot when the trial court enters a permanent injunction because the order for the preliminary injunction merges into the permanent injunction. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 314 (1999). Hall's arguments on appeal challenge the jurisdiction of the district court over the case and the validity of the preliminary injunction. Hall "will be able to obtain as broad a review on the merits of the order granting the permanent injunction as [he] could have obtained on appeal from the order granting the preliminary injunction." *Louisiana World Exposition, Inc. v. Logue*, 746 F.2d 1033, 1038 (5th Cir. 1984). Accordingly, Hall's appeal from the order granting the preliminary injunction is moot. *See id.*

Hall argues that the case should not be dismissed because the district court lacked jurisdiction to enter the permanent injunction once he filed his notice of interlocutory appeal. This argument is without merit. *See Ry. Labor Executives' Ass'n v. City of Galveston*, 898 F.2d 481, 481 (5th Cir. 1990).

The Appellees motion to dismiss the appeal is GRANTED and the appeal is DISMISSED as moot. Hall's motions are DENIED as moot.